IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
CHRISTOPHER B., by and          )   CIVIL NO 06-00545 HG-BMK
through his parents, JOANNE     )
B. and RAY B.                   )
                                )
          Plaintiffs,           )
     vs.                        )
                                )
PATRICIA HAMAMOTO, in her       )
official capacity as            )
Superintendent of the Hawaii    )
Public Schools; and             )
DEPARTMENT OF EDUCATION,        )
STATE OF HAWAII                 )
                                )
          Defendants.           )
_____ )
```

ORDER ADOPTING
**THE MAY 14, 2008 ORDER TO SHOW CAUSE AND SPECIAL MASTER'S REPORT RECOMMENDING THAT PLAINTIFF'S MOTION BE GRANTED IN PART AS TO FEES AND COSTS,
AND
THE JUNE 19, 2008 SUPPLEMENTAL SPECIAL MASTER'S REPORT RECOMMENDING THAT PLAINTIFF'S MOTION BE GRANTED IN PART AND DENIED IN PART, AS MODIFIED,
AND
GRANTING IN PART AND DENYING IN PART
<u>DEFENDANT'S OBJECTIONS THERETO</u>**

Plaintiffs, as the prevailing party in the underlying appeal of an administrative hearing officer's order, filed a motion before the Magistrate Judge acting as Special Master for a determination of reimbursement and attorneys' fees on February 20, 2008 ("Motion"). (Doc. 36.) Defendants were ordered to file an opposition to Christopher B.'s Motion by April 18, 2008. On April 4, 2008, the Magistrate Judge agreed to extend the

opposition deadline to April 25, 2008.  Defendants failed to file any opposition.

On May 14, 2008, the Magistrate Judge entered the Order to Show Cause And Special Master's Report Recommending That Plaintiff's Motion Be Granted In Part As To Fees And Costs. (Doc. 42, "Report.")  The Report recommended that Plaintiffs' Motion be granted in part, awarding Plaintiffs $64,968.44 in attorney's fees and costs.  (Id. at 3.)

The hearing on the Order to Show Cause was held before the Magistrate Judge on June 5, 2008.  On June 19, 2008, the Magistrate Judge entered the Supplemental Special Master's Report Recommending That Plaintiff's Motion Be Granted In Part And Denied In Part.  (Doc. 48, "Supp. Report.")  The Supp. Report recommends Plaintiffs be awarded $180,129.70 in reimbursement of educational expenses and related services, in addition to the previously recommended award of attorneys' fees and costs.  (Id. at 2.)

On July 14, 2008, Defendant Department of Education, State of Hawaii filed Objections to the Supp. Report.  (Doc. 49.) Plaintiffs filed a Reply on July 25, 2008.  (Doc. 50.)

The Court ADOPTS the Supp. Report as modified.  Defendants' objections to the Supp. Report are granted in part and denied in part.

**STANDARD OF REVIEW**

The Court reviews *de novo* all objections to findings of fact and conclusions of law made or recommended by a special master in the Special Master's Report. See Fed.R.Civ.P. 53(g)(3) & (4) ("The court must decide *de novo* all objections to findings of fact made or recommended by a master;" and "[t]he court must decide *de novo* all objections to conclusions of law made or recommended by a master" ); LR 74.2 ( "[a] district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made"). The Court also reviews matters of procedure for abuse of discretion. See Fed.R.Civ.P. 53(g)(5).

In acting on a special master's report, a district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge, or recommit the matter to the magistrate. See Fed.R.Civ.P. 53(g)(1) (a court "may receive evidence, and may: adopt or affirm; modify; wholly or partly reject or reverse; or resubmit to the master with instructions."); LR 74.2 (The district Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" and "may exercise discretion to receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions").

**ANALYSIS**

**Compliance With The Local Rules**

At the outset, the Court notes that Defendants failed to file objections to Plaintiffs' Rule 54(D) Motion For Determination Of Reimbursement And Attorney's Fees And Costs, ("Motion," Doc. 36), in a timely manner.  The Magistrate Judge, while noting Defendants' failure, found Defendants conduct was not egregious enough to warrant sanctions.  The Magistrate Judge went on to consider the merits of Defendants' untimely objections to Plaintiff's reimbursement request.  (See Supplemental Special Master's Report Recommending That Plaintiff's Motion Be Granted In Part And Denied In Part,"Supp. Report," Doc. 48, at 3.)

The Court does not condone Defendants' failure to follow the Local Rules in this regard.  The Court cautions counsel that any future objections to requests for reimbursement must be filed in a timely manner in accordance with the Local Rules of the Court.

**I.   Transportation Costs For The Parents**

Defendants' object to certain transportation, psychiatric care, and prescription costs submitted by Plaintiffs.  The objections are stated in a bare bones fashion with little evidence, legal authority, or discussion in support.  (See Objections, Doc. 49.)  On *de novo* review, the Court ADOPTS the Supp. Report as modified.

Defendants first object to reimbursement for the costs of transportation for Christopher B.'s parents.  Defendants argue five points, 1. that Plaintiffs provided a summary of the costs without documentation; 2. that entertainment costs should not be allowed; 3. that the parents' costs for visits to Christopher's school should not be included; 4. that the costs for the trip to Salt Lake City should be excluded; and 5. that the costs for the parents trip to Gateway Academy from June 22-25, 2007, should not be reimbursed because the school year in Hawaii ended on June 7, 2007.

**1.     Documentation Of The Travel Expenses**

On *de novo* review of Plaintiffs' Motion and Reply, the Court determines that the travel expenses were incurred in support of Christopher B.'s education.  The Court notes that the detailed costs of transportation were set out in the sworn affidavit of Joanne B., Christopher's parent, in support of Plaintiffs' Motion.  Defendants failed to object to the lack of receipts until after the hearing on the Order to Show Cause, and after the Magistrate Judge issued the Supp. Report.  Plaintiffs included receipts for the travel expenses in their Reply as Exhibit 1.  On *de novo* review, the Court determines that the travel costs were incurred and are reasonable.  Defendants first objection is DENIED.

### 2. **Entertainment Costs**

The Court GRANTS Defendants' second objection, as the entertainment costs listed in Exhibit 1 are not related to Christopher's education. The recommended award for reimbursement is reduced by $99.80. (See Reply, Doc. 50 at Exhibit 1.)

### 3. **Parental School Visits**

The Court DENIES Defendants' third objection to reimbursement for the costs of parental visits to the school. Christopher required placement at a therapeutic residential facility. Participation of parents is an essential part of a child's education and therapy. In the Reply, Plaintiffs assert that the visits in October 2006 and January 2007 were part of Gateway Academy's therapeutic program, and that the purpose of the remaining visits was to consult with Christopher's teachers and therapists. (Reply, Doc. 50 at 6.) The visits to Gateway Academy in May and October, 2006, and January and March, 2007, are reasonable costs incurred by the parents in furtherance of Christopher's education.

### 4. **Trip To Portland**

Defendants next object to reimbursing Plaintiffs for the cost of the parents side trip to Portland, Oregon. While the parents eventually moved to Oregon, Christopher's school, Gateway Academy, is located in Salt Lake City. The expense of the side trip to Oregon is not sufficiently related to Christopher's

education to warrant reimbursement by the State of Hawaii.

Plaintiffs list the airfare to Portland as costing $965.50 for the trip taken in March, 2007. The cost of the airfare to Salt Lake City, where the Gateway Academy is located, was $1,302.90. (Motion, Doc. 36 at Ex. 8.) Plaintiffs do not provide information on the cost of airfare from Honolulu to Salt Lake City in March of 2007.

The Court notes that the three previous airfares charged for trips from Honolulu to Salt Lake City were $1,211.49 in May, 2006; $1,387.32 in October, 2006; and $1,644.60 in January, 2007. (Id.; Reply, Doc. 50 at Ex. 1.) The average airfare cost taken from the three trips is $1,414.47 for a direct trip to Salt Lake City, and is a reasonable amount to incur by the parents. Plaintiffs' request of $2,268.50 ($965.60 to Portland plus $1,302.90 to Salt Lake City) is $854.03 more than $1,414.47, the average airfare.

The Court GRANTS Defendants fourth objection to reimbursement for the parents' trip to Portland, Oregon. The award for travel expenses is reduced by $854.03 for the airfare for the March 23-25, 2007 trip to Gateway Academy, and by $16.00 for parking at the airport in Portland, for a total of $870.03.

   **5.   The School Year**

Defendants' fifth objection to travel expenses asserts that because the public school year in Hawaii ends on June 7th, any

expenses incurred after that date are not to be reimbursed.

In the Supp. Report, the Magistrate Judge found the school year to have ended on July 28, 2007. The Court considers the Magistrate Judge's analysis on the point to be accurate and instructive, and the analysis does not need to be repeated here. (See Supp. Report, Doc. 48 at 6, fn. 3.)

The Court notes that, in the Supp. Report, the Magistrate Judge examined the expenditures and did not award the full amount requested by Plaintiffs. The Magistrate Judge determined that some of the travel occurred after the 2006-2007 school year ended on July 28, 2007, and reduced the recommended award by $3,074.60, the amount incurred after the July date. Given the reduction, the transportation costs incurred by the parents are reasonable. Defendants' fifth objection is DENIED.

## II.  **Psychiatric Services**

Defendants' objection to psychiatric services is based on the argument that the State of Hawaii's liability for educational expenses ended on June 7, 2007, at the end of the Hawaii public school year. As noted above, the State of Hawaii is liable for expenses incurred during the full school year. The 2006-2007 school year ended for Christopher B. on July 28, 2007. Defendants' objection to psychiatric services for the period of June 7 through July 28, 2007, is DENIED.

### III. Prescription Reimbursements

Defendants object to the reimbursement of prescription expenses. The Supp. Report recommends a reduction in the reimbursement award sought of $131.26 for the cost of prescriptions. Defendants assert that the amount of $1,408.28 for prescription expenses incorporated into the bill from Gateway Academy should also not be awarded. On *de novo* review, Plaintiffs fail to demonstrate that the prescriptions were used for the purpose of diagnosis and evaluation of Christopher's educational needs. Defendants' objection to the prescription costs is GRANTED, and the reduction in the requested award recommended by the Magistrate Judge is reduced by the further amount of $1,408.28.

### IV. Gateway Academy Costs Through July 28, 2007

Defendants' final objection is to the costs of Christopher's education at Gateway Academy through July 28, 2007. Defendants assert that because the Hawaii academic school year ended on June 7th, any costs beyond that date are not part of the 2006-2007 school year. Defendants further assert that the State of Hawaii is not liable for the costs of the Academy after June 7th because Christopher's parents had moved to Oregon by then.

Christopher's needs required placement in the therapeutic program at Gateway Academy. Removal of Christopher from the residential program before completion of the extended school year

would have disrupted Christopher's education.  The Magistrate Judge's determination that Christopher's IEP included extended school year services, and that the 2006-2007 school year ended on July 28, 2007, is well reasoned.  The State of Hawaii is liable for the reasonable costs of Christopher's education and related expenses for the entire school year.  Defendants' objection to reimbursement for the costs of Gateway Academy through July 28, 2007, is DENIED.

In sum, the June 19, 2008, Special Master's Report recommendation of a reduction of Plaintiffs' reimbursement request of $222,693.84 to $180,129.70, is further reduced by the amount of $2,378.11.  The sum of $2,378.11 is the total of the reduction of reimbursement by $99.80 for entertainment costs; by $870.03 for the airfare and parking costs of the March 23-25, 2007, trip to Portland; and by $1,408.28 for prescription costs. Plaintiffs' reimbursement request is, in final, reduced to $177,751.59.

## **CONCLUSION**

For the foregoing reasons,

(1) the Magistrate Judge's June 19, 2008, Supplemental Special Master's Report Recommending That Plaintiff's Motion Be Granted In Part And Denied In Part, is ADOPTED AS MODIFIED, (Doc. 48);

(2) Defendants' Objections, (Doc. 49), are GRANTED IN PART AND DENIED IN PART; and

(3) the Court awards Plaintiffs the amount of $64,968.44 in attorneys' fees and costs; and $177,751.59 in reimbursement of educational expenses and related services.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 18, 2008.



   /s/ Helen Gillmor_____

Chief United States District Judge

CHRISTOPHER B., by and through his parents, JOANNE B. and RAY B. v. PATRICIA HAMAMOTO, in her official capacity as Superintendent of the Hawaii Public Schools; and DEPARTMENT OF EDUCATION, STATE OF HAWAII, Civ. No. 06-00545 HG-BMK; ORDER ADOPTING THE MAY 14, 2008 **ORDER TO SHOW CAUSE AND SPECIAL MASTER'S REPORT RECOMMENDING THAT PLAINTIFF'S MOTION BE GRANTED IN PART AS TO FEES AND COSTS, AND THE JUNE 19, 2008 SUPPLEMENTAL SPECIAL MASTER'S REPORT RECOMMENDING THAT PLAINTIFF'S MOTION BE GRANTED IN PART AND DENIED IN PART, AS MODIFIED, AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S OBJECTIONS THERETO**